UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RAFAEL ENCARNACION, NAYDA NIETO,           :
and J.E., an Infant, by his Mother and Next Friend,   :
NAYDA NIETO,                               :                    13CV160 (JMF)

              Plaintiffs,            :

                        :                    COMPLAINT AND
      - against -                  :                    DEMAND FOR JURY TRIAL

THE CITY OF NEW YORK, DAMIAN RIVERA,        :                    ECF CASE
"JOHN DOE" #1-3, and "JANE DOE", Individually   :
and in Their Official Capacities,           :

            Defendants             :
------------------------------------------------------------------x

     Plaintiffs, by their attorney, Eugene M. Bellin, complaining of the defendants, allege:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiffs Rafael Encarnacion, Nieto Nayda , and J.E. by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Plaintiffs Rafael Encarnacion, Nieto Nayda, and J.E. are citizens of the Untied States who were present in a motor vehicle on Bassford Avenue, Bronx, New York, on October 13, 2011, when New York City police officer Damian Rivera and other New York City police officers arrested them, accused plaintiffs Rafael Encarnacion and Nayda Nieto of possession and sale of a controlled substance, handcuffed plaintiffs Rafael Encarnacion and Nayda Nieto and subjected them to pat-down searches, compelled plaintiff Nayda Nieto to lift her bra and partially expose her breasts, transported all three plaintiffs to the 42nd Precinct, where plaintiff J.E. was held until he was released to the custody of a family friend, and where plaintiffs Rafael Encarnacion and Nieto Nayda

were subjected to visual cavity searches and were imprisoned until they were subsequently transported to Bronx Central booking, where they continued to be imprisoned until October 14, 2011, when plaintiff Nieto Nayda was released without being charged with any crime and plaintiff Rafael Encarnacion was arraigned on false criminal charges of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree and Endangering the Welfare of a Child, and released on his own recognizance. On March 12, 2012, the criminal charges against plaintiff Rafael Encarnacion were dismissed on motion of the District Attorney.  The arrests and searches of the plaintiffs and the prosecution of plaintiff Rafael Encarnacion were the result of policies and practices adopted by defendant The City of New York to arrest individuals for sale and possession of controlled substances without probable cause to support the arrests and to conduct baseless visual cavity searches of arrested individuals.  The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Damian Rivera can be found within the

Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Rafael Encarnacion is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Plaintiff Nayda Nieto is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff J.E. is an infant under the age of 18 years and a citizen of the United States who resides in the County of Bronx, City and State of New York.

8. At the time of the events described herein, plaintiff J.E. was six years of age.

9. Plaintiff Nayda Nieto  is the mother and next friend of plaintiff J.E.

10. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

11. At all times relevant herein, defendant The City of New York maintained a police department.

12. Defendant Damian Rivera is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Damian Rivera was acting within the scope of his employment by defendant The City of New York.

14. Defendants "John Doe" #1-3 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as a police officer.

15. At all times relevant herein, defendants "John Doe" #1-3 were acting within the

scope of their employment by defendant The City of New York.

16. Defendant "Jane Doe" is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

17. At all times relevant herein, defendant "Jane Doe" was acting within the scope of her employment by defendant The City of New York.

## NOTICES OF CLAIM

18. On March 23, 2012, plaintiff Rafael Encarnacion served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

19. Plaintiff Rafael Encarnacion's motion to extend his time to file a Notice of Claim was granted by an Order of New York State Supreme Court Justice Larry S. Schachner dated April 19, 2012, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

20. On December 16, 2011, and within 90 days of the accrual of their causes of action herein, plaintiffs Nayda Nieto and J.E. served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which their claims arose.

21. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

22. Plaintiffs incorporate by reference paragraphs 1 through 23 of this complaint as though the same were set forth fully herein.

23. On October 13, 2011, plaintiffs Rafael Encarnacion, Nayda Nieto and J.E. were seated in a motor vehicle on Bassford Avenue, Bronx, New York.

24.  On October 13, 2011, on Bassford Avenue, Bronx, New York, defendants Damian Rivera and "John Doe" 1-3 arrested plaintiffs Rafael Encarnacion and Nayda Nieto on false criminal charges of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree and Endangering the Welfare of a Child, and seized plaintiff J.E.

25.  Plaintiff Rafael Encarnacion had neither sold nor been in possession of a controlled substance.

26.  Plaintiff Nayda Nieto had neither sold nor been in possession of a controlled substance.

27.  Defendants Damian Rivera and "John Doe" #1-3 did not have a warrant authorizing the arrest of plaintiff Rafael Encarnacion.

28.  Defendants Damian Rivera and "John Doe" #1-3 did not have a warrant authorizing the arrest of plaintiff Nayda Nieto.

29.  Defendants Damian Rivera and "John Doe" #1-3 did not have a warrant authorizing the seizure of plaintiff J.E.

30.  Defendants Damian Rivera and "John Doe" #1 instructed plaintiff Rafael Encarnacion to turn off the vehicle engine and then seized the keys to the vehicle.

31.  Defendants Damian Rivera and "John Doe" #1 subsequently directed plaintiff Rafael Encarnacion to exit the vehicle.

32.  One of the individual defendants handcuffed plaintiff Rafael Encarnacion.

33.  Defendant Damian Rivera then conducted a pat-down search of plaintiff Rafael Encarnacion and placed his hands in plaintiff Rafael Encarnacion's pockets.

34. Defendant Damian Rivera then conducted a search of the vehicle in which the plaintiffs had been seated.

35. One of the other individual defendants searched the trunk of the vehicle, and defendant Damian Rivera then conducted a second search of the trunk.

36. Defendants Damian Rivera and "John Doe" #1-3 did not have a search warrant authorizing the search of the vehicle in which the plaintiffs had been seated.

37. One of the individual defendants searched through plaintiff Nayda Nieto's handbag.

38. One of the individual defendants directed plaintiff Nayda Nieto to exit the vehicle.

39. One of the individual defendants directed plaintiff Nayda Nieto to lift her bra and, when she complied, stared at her breasts.

40. One of the individual defendants subjected plaintiff Nayda Nieto to a pat-down search.

41. Plaintiff J.E. observed the search of his mother.

42. Defendants Damian Rivera and "John Doe" #1-3 threatened plaintiff Nayda Nieto that her child was going to be taken away from her.

43. The plaintiffs were subsequently transported to the 48th Precinct, where they were they were imprisoned for a period of time.

44. At the 48th Precinct, plaintiff Rafael Encarnacion was directed to remove his clothing and was subjected to a visual cavity search.

45. Defendants Damian Rivera and "John Doe" #1-3 did not have a search warrant authorizing a strip search or a visual cavity search of plaintiff Rafael Encarnacion.

46. At the 48th Precinct, defendant "Jane Doe" directed plaintiff Nayda Nieto to remove her pants and undergarment and conducted a visual cavity search of plaintiff Nayda Nieto.

47. The defendants did not have a search warrant authorizing a visual cavity search of plaintiff Nayda Nieto.

48. Plaintiff J.E. was subsequently released to the custody of relatives.

49. Plaintiffs Rafael Encarnacion and Nayda Nieto were subsequently transported to Bronx Central Booking, where they continued to be imprisoned.

50. On October 14, 2011, plaintiff Nayda Nieto was released from custody without being charged with any crime.

51. On information and belief, on October 14, 2011, defendant Damian Rivera falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Rafael Encarnacion had sold cocaine to another individual.

52. On October 14, 2011, defendant Damian Rivera instituted a criminal proceeding against plaintiff Rafael Encarnacion in Bronx Supreme Court, Criminal Division, accusing plaintiff Rafael Encarnacion of the crimes of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and Endangering the Welfare of a Child.

53. On October 14, 2011, plaintiff Rafael Encarnacion was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released on his own recognizance.

54. On March 12, 2011, the criminal charges brought by defendant Damian Rivera against plaintiff Rafael Encarnacion were dismissed on motion of the District Attorney.

## COUNT ONE ON BEHALF OF RAFAEL ENCARNACION
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

55. Plaintiffs incorporate by reference paragraphs 1 through 54 of this complaint as though the same were set forth fully herein.

56. The seizure, arrest, and imprisonment of plaintiff Rafael Encarnacion by defendants Damian Rivera and "John Doe" #1-3 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

57. The seizure, arrest, and imprisonment of plaintiff Rafael Encarnacion were made without probable cause to believe that he had committed a crime or offense.

58. The charges upon which defendants Damian Rivera and "John Doe" #1-3 arrested plaintiff Rafael Encarnacion were false.

59. The charges were made by defendants Damian Rivera and "John Doe" #1-3 against plaintiff Rafael Encarnacion with knowledge that they were false.

60. Plaintiff Rafael Encarnacion was aware of his seizure, detention, arrest and imprisonment by defendants Damian Rivera and "John Doe" #1-3.

61. Plaintiff Rafael Encarnacion did not consent to his seizure, arrest or imprisonment.

62. As a result of the foregoing, plaintiff Rafael Encarnacion was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

63. The seizure, arrest and imprisonment of plaintiff Rafael Encarnacion deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

64. Defendants Damian Rivera and "John Doe" #1-3 were acting under color of state law when they seized, arrested and imprisoned plaintiff Rafael Encarnacion.

65. Defendants Damian Rivera and "John Doe" #1-3 deprived plaintiff Rafael Encarnacion of his rights to be free of unreasonable searches and seizures, and not to be deprived

of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Rafael Encarnacion on false criminal charges.

### COUNT TWO ON BEHALF OF RAFAEL ENCARNACION
### SEARCH OF THE PLAINTIFF'S VEHICLE UNDER 42 U.S.C. §1983

66. Plaintiffs incorporate by reference paragraphs 1 through 65 of this complaint as though the same were set forth fully herein.

67. Defendants Damian Rivera and "John Doe" #1-3 conducted the search of the vehicle which plaintiff Rafael Encarnacion had been operating after plaintiff Rafael Encarnacion had been removed from the vehicle and handcuffed.

68. Defendants Damian Rivera and "John Doe" #1-3 did not have a warrant authorizing the search of plaintiff Rafael Encarnacion's vehicle.

69. There were no exigent circumstances justifying a search of the vehicle following the arrest and removal of plaintiff Rafael Encarnacion from the vehicle.

70. The warrantless search of the vehicle from which plaintiff Rafael Encarnacion had been removed violated his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States.

71. Defendants Damian Rivera and "John Doe" #1-3 were acting under color of state law when they searched the vehicle plaintiff Rafael Encarnacion had been operating.

72. Defendants Damian Rivera and "John Doe" #1-3 deprived plaintiff Rafael Encarnacion of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in

violation of 42 U.S.C. §1983, by searching the plaintiff's vehicle.

## COUNT THREE ON BEHALF OF RAFAEL ENCARNACION
### VISUAL CAVITY SEARCH UNDER 42 U.S.C. §1983

73.  Plaintiffs incorporate by reference paragraphs 1 through 72 of this complaint as though the same were set forth fully herein.

74.  Defendants Damian Rivera and "John Doe" #1-3 lacked a factual basis to support a reasonable suspicion that plaintiff Rafael Encarnacion had evidence concealed inside a body cavity.

75.  The visual cavity search of plaintiff Rafael Encarnacion conducted at the 48th Precinct deprived plaintiff Rafael Encarnacion of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

76.  As a result of the visual cavity search, plaintiff Rafael Encarnacion suffered mental and physical distress, embarrassment and humiliation.

77.  Defendants Damian Rivera and "John Doe" #1-3 were acting under color of state law when they conducted a visual cavity search of plaintiff Rafael Encarnacion at the 48th Precinct.

78.  Defendants Damian Rivera and "John Doe" #1-3 deprived plaintiff Rafael Encarnacion of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a cavity search of plaintiff Rafael Encarnacion at the 48th Precinct.

## COUNT FOUR ON BEHALF OF RAFAEL ENCARNACION
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

79.  Plaintiffs incorporate by reference paragraphs 1 through 78 of this Complaint as though the same were set forth fully herein.

80. The criminal charges brought by defendant Damian Rivera against plaintiff Rafael Encarnacion in Bronx Supreme Court, Criminal Division, were false.

81. Defendant Damian Rivera instituted the criminal proceeding against plaintiff Rafael Encarnacion without probable cause to believe that plaintiff Rafael Encarnacion committed the crimes charged.

82. Defendant Damian Rivera instituted the criminal proceeding against plaintiff Rafael Encarnacion with knowledge that the charges were false.

83. Defendant Damian Rivera was acting with malice when he commenced the criminal proceeding against plaintiff Rafael Encarnacion.

84. The criminal proceeding instituted by defendant Damian Rivera against plaintiff Rafael Encarnacion was terminated in plaintiff Rafael Encarnacion's favor.

85. As a result of the criminal proceeding instituted by defendant Damian Rivera, plaintiff Rafael Encarnacion was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

86. Defendant Damian Rivera was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Rafael Encarnacion had sold cocaine to another individual.

87. Defendant Damian Rivera was acting under color of state law when he commenced a criminal proceeding against plaintiff Rafael Encarnacion in Bronx Supreme Court, Criminal Division.

88. Defendant Damian Rivera deprived plaintiff Rafael Encarnacion of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution

of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Rafael Encarnacion on false criminal charges.

### COUNT FIVE ON BEHALF OF RAFAEL ENCARNACION
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

89.   Plaintiffs incorporate by reference paragraphs 1 through 88 of this Complaint as though the same were set forth fully herein.

90.   The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

91.   The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

92. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

93.   The aforesaid customs, policies, usages, practices, procedures, and rules of defendant  The City of New York include, but are not limited to, the following:

(a)   Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

94. The arrest, imprisonment, and prosecution of plaintiff Rafael Encarnacion on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

95. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

96. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

97. Defendant The City of New York deprived plaintiff Rafael Encarnacion of his rights to be free of unreasonable searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42

U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

### COUNT SIX ON BEHALF OF RAFAEL ENCARNACION
### MUNICIPAL LIABILITY FOR VISUAL CAVITY SEARCHES UNDER 42 U.S.C. §1983

98.  Plaintiffs incorporate by reference paragraphs 1 through 97 of this Complaint as though the same were set forth fully herein.

99. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons under arrest in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

100.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence concealed within a body cavity.

101.  The aforesaid custom, policy, and practice of defendant The City of New York includes, but is not limited to, the following:

> (a)  Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals could be subjected to visual cavity searches;

> (b)  Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

> (c)  Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that visual cavity searches were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity;

(d) Defendant The City of New York failed to discipline police officers for performing visual cavity searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity.

102.   The visual cavity search to which plaintiff Rafael Encarnacion was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

103.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed within a body cavity.

104. Defendant The City of New York deprived plaintiff Rafael Encarnacion of his rights to be free of unlawful searches and seizures and to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed within a body cavity.

## COUNT SEVEN ON BEHALF OF RAFAEL ENCARNACION
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

105.   Plaintiffs incorporate by reference paragraphs 1 through 104 this Complaint as though the same were set forth fully herein.

106. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Damian Rivera, "John Doe" #1-3 and "Jane Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

107. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

108. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

109. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

110. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Rafael Encarnacion would be violated.

111. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Rafael Encarnacion.

112. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

113. Defendant The City of New York deprived plaintiff Rafael Encarnacion of his rights to be secure in his person, to be free of unreasonable searches and seizures, and not bo be deprived

of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT EIGHT ON BEHALF OF RAFAEL ENCARNACION COMMON LAW ASSAULT AND BATTERY

114. Plaintiffs incorporate by reference paragraphs 1 through 113 of this Complaint as though the same were set forth fully herein.

115. Defendants Damian Rivera and the City of New York committed an assault and battery on the person of plaintiff Rafael Encarnacion in the course of handcuffing him and subjecting him to a pat-down search.

116. As a result of the foregoing, plaintiff Rafael Encarnacion experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE ON BEHALF OF RAFAEL ENCARNACION COMMON LAW FALSE IMPRISONMENT

117. Plaintiffs incorporate by reference paragraphs 1 through 116 of this Complaint as though the same were set forth fully herein.

118. Defendants Damian Rivera, "John Doe" #1-3 and The City of New York falsely imprisoned plaintiff Rafael Encarnacion by seizing, arresting and imprisoning him on a false criminal charge.

119. As a result of the foregoing, plaintiff Rafael Encarnacion was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN ON BEHALF OF RAFAEL ENCARNACION
### COMMON LAW MALICIOUS PROSECUTION

120.  Plaintiffs incorporate by reference paragraphs 1 through 119 of this Complaint as though the same were set forth fully herein.

121.  Defendants Damian Rivera and The City of New York maliciously prosecuted plaintiff Rafael Encarnacion on false criminal charges of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and Endangering the Welfare of a Child.

122.  As a result of the criminal proceeding instituted by defendants Damian Rivera and The City of New York, plaintiff Rafael Encarnacion was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false criminal charges.

## COUNT ELEVEN ON BEHALF OF NAYDA NIETO
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

123.  Plaintiffs incorporate by reference paragraphs 1 through 122 of this complaint as though the same were set forth fully herein.

124.  The  seizure, arrest, and imprisonment of plaintiff Nayda Nieto by defendants Damian Rivera and "John Doe" #1-3s were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

125.  The seizure, arrest, and imprisonment of plaintiff Nayda Nieto were made without probable cause to believe that she had committed a crime or offense.

126.  The charges upon which defendants Damian Rivera and "John Doe" #1-3 arrested plaintiff Nayda Nieto were false.

127. The charges were made by defendants Damian Rivera and "John Doe" #1-3 against plaintiff Nayda Nieto with knowledge that they were false.

128. Plaintiff Nayda Nieto was aware of her seizure, arrest and imprisonment by defendants Damian Rivera and "John Doe" #1-3.

129. Plaintiff Nayda Nieto did not consent to her seizure, arrest or imprisonment.

130. As a result of the foregoing, plaintiff Nayda Nieto was deprived of her liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

131. The seizure, arrest and imprisonment of plaintiff Nayda Nieto deprived her of her right to be free of unreasonable searches and seizures and her right not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

132. Defendants Damian Rivera and "John Doe" #1-3 were acting under color of state law when they seized, arrested and imprisoned plaintiff Nayda Nieto.

133. Defendants Damian Rivera and "John Doe" #1-3 deprived plaintiff Nayda Nieto of her rights to be free of unreasonable searches and seizures, and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Nayda Nieto on false criminal charges.

## COUNT TWELVE ON BEHALF OF NAYDA NIETO
## PUBLIC UNDERGARMENT SEARCH UNDER 42 U.S.C. §1983

134. Plaintiffs incorporate by reference paragraphs 1 through 133 of this complaint as though the same were set forth fully herein.

135. The search of plaintiff Nayda Nieto's undergarment in a public place by one of the male defendants was not reasonable.

136. The search of plaintiff Nayda Nieto's undergarment in the presence of her son, plaintiff J.E., was not reasonable.

137. The search of plaintiff Nayda Nieto's undergarment in a public place and in the presence of her son by one of the male defendants violated her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

138. Defendants Damian Rivera and "John Doe" #1-3 were acting under color of state law when they compelled plaintiff Nayda Nieto to pull her bra out in a public place.

139. Defendants Damian Rivera and "John Doe" #1-3 deprived plaintiff Nayda Nieto of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by compelling plaintiff Nayda Nieto to pull her undergarment out in a public place and examining her breasts.

## COUNT THIRTEEN ON BEHALF OF NAYDA NIETO
### VISUAL CAVITY SEARCH UNDER 42 U.S.C. §1983

140. Plaintiffs incorporate by reference paragraphs 1 through 139 of this complaint as though the same were set forth fully herein.

141. Upon information and belief, defendant "Jane Doe" conducted a body cavity search of plaintiff Nayda Nieto at the instruction or at the request of defendant Damian Rivera.

142. Defendants Damian Rivera and "Jane Doe" lacked a factual basis to support a reasonable suspicion that plaintiff Nayda Nieto had evidence concealed inside a body cavity.

143. The visual cavity search of plaintiff Nayda Nieto conducted at the 48th Precinct deprived the plaintiff of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

144. As a result of the visual cavity search, plaintiff Nayda Nieto suffered mental and physical distress, embarrassment and humiliation.

145. Defendant Damian Rivera was acting under color of state law when he instructed or requested defendant "Jane Doe" to conduct a visual cavity search of plaintiff Nayda Nieto.

146. Defendant "Jane Doe" was acting under color of state law when she conducted a visual cavity search of plaintiff Nayda Nieto at the 48th Precinct.

147. Defendants Damian Rivera and "Jane Doe" deprived plaintiff Nayda Nieto of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Nayda Nieto at the 48th Precinct.

## COUNT FOURTEEN ON BEHALF OF NAYDA NIETO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

148. Plaintiffs incorporate by reference paragraphs 1 through 147 of this Complaint as though the same were set forth fully herein.

149. The arrest and imprisonment of plaintiff Nayda Nieto on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

150. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

151. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

152. Defendant The City of New York deprived plaintiff Nayda Nieto of her rights to be free of unreasonable searches and seizures, to be secure in her person, and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT FIFTEEN ON BEHALF OF NAYDA NIETO
## MUNICIPAL LIABILITY FOR VISUAL CAVITY SEARCHES UNDER 42 U.S.C. §1983

153. Plaintiffs incorporate by reference paragraphs 1 through 152 of this Complaint as though the same were set forth fully herein.

154. The visual cavity search to which plaintiff Nayda Nieto was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

155. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed within a body cavity.

156. Defendant The City of New York deprived plaintiff Nayda Nieto of her rights to be free of unlawful searches and seizures and to be secure in her person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of

performing visual cavity searches of individuals under arrest despite the absence of a factual basis

for a reasonable suspicion that the persons had evidence concealed within a body cavity.

## COUNT SIXTEEN ON BEHALF OF NAYDA NIETO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

157.   Plaintiffs incorporate by reference paragraphs 1 through 156 of this Complaint as

though the same were set forth fully herein.

158.   The failure of defendant The City of New York properly to take remedial action to

train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights

constituted deliberate indifference to the rights of persons with whom its police officers come into

contact.

159.   Defendant The City of New York knew, or should have known, that as a direct

result of this policy, practice and/or custom, the Constitutional rights of plaintiff Nayda Nieto would

be violated.

160.   Defendant The City of New York implemented, enforced, encouraged, sanctioned

and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals, and more particularly, the civil rights of plaintiff Nayda Nieto.

161.   Defendant The City of New York was acting under color of state law when it

formulated and implemented a policy, custom or practice of failing adequately to investigate

complaints against police officers for violating civil rights and to take appropriate remedial action.

162.   Defendant The City of New York deprived plaintiff Nayda Nieto of her rights to be

secure in her person, to be free of unreasonable searches and seizures and not to be deprived of her

liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of

the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by

adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints

against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVENTEEN ON BEHALF OF NAYDA NIETO
## COMMON LAW ASSAULT AND BATTERY

163. Plaintiffs incorporate by reference paragraphs 1 through 162 of this Complaint as though the same were set forth fully herein.

164. Defendants Damian Rivera, "John Doe" #1-3, and the City of New York committed an assault and battery on the person of plaintiff Nayda Nieto in the course of handcuffing her and subjecting her to a pat-down search.

165. As a result of the foregoing, plaintiff Nayda Nieto experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHTEEN ON BEHALF OF NAYDA NIETO
## COMMON LAW FALSE IMPRISONMENT

166. Plaintiffs incorporate by reference paragraphs 1 through 165 of this Complaint as though the same were set forth fully herein.

167. Defendants Damian Rivera, "John Doe" #1-3 and The City of New York falsely imprisoned plaintiff Nayda Nieto by seizing, arresting and imprisoning her on false criminal charges.

168. As a result of the foregoing, plaintiff Nayda Nieto was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT NINETEEN ON BEHALF OF NAYDA NIETO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

169. Plaintiffs incorporate by reference paragraphs 1 through 168 of this Complaint as though the same were set forth fully herein.

170. The conduct of defendants Damian Rivera and "John Doe" #1-3 in threatening plaintiff Nayda Nieto that her child was going to be taken from her was so outrageous in character

and so extreme in degree as to go beyond all possible bounds of decency.

171.  The conduct of defendants Damian Rivera and "John Doe" #1-3 in threatening plaintiff Nayda Nieto that her child was going to be taken from her was atrocious and utterly intolerable in a civilized community.

172.  Defendants Damian Rivera and "John Doe" #1-3 threatened plaintiff Nayda Nieto that her child was going to be taken from her with the intent to cause severe emotional distress to plaintiff Nayda Nieto.

173.  Defendants Damian Rivera and "John Doe" #1-3 threatened Nayda Nieto that her child was going to be taken from her in disregard of a substantial probability that their conduct would cause severe emotional distress to plaintiff Nayda Nieto.

174.  As a result of the conduct of defendants Damian Rivera and "John Doe" #1-3, plaintiff Nayda Nieto suffered severe emotional distress.

## COUNT TWENTY ON BEHALF OF J.E.
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

175.  Plaintiffs incorporate by reference paragraphs 1 through 174 of this complaint as though the same were set forth fully herein.

176.  The seizure, arrest, detention, and imprisonment of plaintiff J.E. by defendants Damian Rivera and "John Doe" #1-3 were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

177.  The seizure, arrest, detention, and imprisonment of plaintiff J.E. were made without probable cause to believe that he had committed a crime or offense.

178.  Plaintiff J.E. was aware of his seizure, arrest, detention, and imprisonment by defendants Damian Rivera and "John Doe" #1-3.

179.  Plaintiff J.E. did not consent to his seizure, arrest, detention, or imprisonment.

180.  As a result of the foregoing, plaintiff J.E. was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

181.  The seizure, detention, arrest and imprisonment of plaintiff J.E. deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

182.  Defendants Damian Rivera and "John Doe" #1-3 were acting under color of state law when they seized, arrested, detained, and imprisoned plaintiff J.E..

183.  Defendants Damian Rivera and "John Doe" #1-3 deprived plaintiff J.E. of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining, and imprisoning plaintiff J.E.

## COUNT TWENTY-ONE ON BEHALF OF J.E.
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

184.  Plaintiffs incorporate by reference paragraphs 1 through 183 of this Complaint as though the same were set forth fully herein.

185.  The seizure, arrest, detention and imprisonment of plaintiff J.E. resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

186.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy practice, or custom of arresting persons on insufficient

evidence.

187.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

188.   Defendant The City of New York deprived plaintiff J.E. of his rights to be free of unreasonable searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT TWENTY-TWO ON BEHALF OF J.E.
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

189.   Plaintiffs incorporate by reference paragraphs 1 through 188 of this Complaint as though the same were set forth fully herein.

190.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

191.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff J.E. would be violated.

192.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff J.E.

193.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

194.   Defendant The City of New York deprived plaintiff J.E. of his rights to be secure in his person and to be free of unreasonable searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT TWENTY-THREE ON BEHALF OF J.E.
## COMMON LAW FALSE IMPRISONMENT

195.   Plaintiffs incorporate by reference paragraphs 1 through 194 of this Complaint as though the same were set forth fully herein.

196.   Defendants Damian Rivera, "John Doe" #1-3 and The City of New York falsely imprisoned plaintiff J.E. by seizing, arresting, detaining and imprisoning.

197.   As a result of the foregoing, plaintiff J.E. was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TWENTY-FOUR ON BEHALF OF J.E.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

198.   Plaintiffs incorporate by reference paragraphs 1 through 197 of this Complaint as though the same were set forth fully herein.

199.   The conduct of defendants Damian Rivera and "John Doe" #1-3 in arresting plaintiff J.E.'s and his parents in J.E.'s presence and in searching plaintiff J.E.'s mother within his

view was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

200.   The conduct of defendants Damian Rivera and "John Doe" #1-3 in arresting plaintiff J.E. and his parents and searching plaintiff J.E.'s mother within his view was atrocious and utterly intolerable in a civilized community.

201.   Defendants Damian Rivera and "John Doe" #1-3 arrested plaintiff J.E. and his parents and searched plaintiff J.E.'s mother within his view with the intent to cause severe emotional distress to plaintiff J.E.

202.   Defendants Damian Rivera and "John Doe" #1-3 arrested plaintiff J.E. and his parents and searched plaintiff J.E.'s mother within his view in disregard of a substantial probability that their conduct would cause severe emotional distress to plaintiff J.E.

203.   As a result of the conduct of defendants Damian Rivera and "John Doe" #1-3, plaintiff J.E. suffered severe emotional distress.

## COUNT TWENTY-FIVE ON BEHALF OF J.E.
## EMOTIONAL DISTRESS SUFFERED IN THE ZONE OF DANGER

204.   Plaintiffs incorporate by reference paragraphs 1 through 203 of this Complaint as though the same were set forth fully herein.

205.   Plaintiff J.E. was present during and observed the arrest and search of his parents, plaintiffs Rafael Encarnacion and Nayda Nieto, by defendants Damian Rivera and "John Doe" #1-3.

206.   Plaintiff J.E. suffered emotional distress as a result of observing his parents placed under arrest by defendants Damian Rivera and "John Doe" #1-3 in plaintiff J.E.'s presence.

207.   Plaintiff J.E. suffered severe emotional distress as a result of observing the search of his mother's undergarment by defendants Damian Rivera and "John Doe" #1-3.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A.  Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
      January 7, 2013

                              EUGENE M. BELLIN

                    By: _Eugene M. Bell_____

                              Eugene M. Bellin (EB-0722)
                              Attorney for Plaintiffs
                              233 Broadway - Suite 2201
                              New York, New York 10279
                              (212) 267-9100